■ MORMILE BROS. INC., Respondent, v PRAIRIE CONSTRUCTION CORP. et al., Appellants.—In an action upon three promissory notes, commenced by service of a summons and notice of motion for summary judgment (see CPLR 3213), defendants appeal from (1) an order of the Supreme Court, Nassau County, dated May 1, 1978, which granted plaintiff's motion for summary judgment and (2) a judgment of the same court, entered thereon on May 3, 1978. Appeal from the order dismissed (see *Matter of Aho,* 39 NY2d 241, 248). Judgment modified, on the law, by deleting so much of the decretal paragraph thereof as grants plaintiff judgment against the individual defendant. As so modified, judgment affirmed, and, as between plaintiff and the individual defendant, action severed and motion for summary judgment against said defendant denied. Plaintiff is awarded one bill of $50 costs and disbursements. Defendant John Magadino contends that his indorsement on the promissory notes made by the corporate defendant and payable to the plaintiff, was to accommodate the payee in its efforts to

discount the instruments. Assuming the truth of this assertion, defendant Magadino, as an accommodation party, would not be liable on the notes to the plaintiff payee, the party accommodated (see Uniform Commercial Code, § 3-415, subd [5]). Moreover, since the plaintiff is not a holder in due course, parol testimony is admissible to establish the nature of the accommodating indorsement (see Uniform Commercial Code, § 3-415, subd [3]). Accordingly, a triable issue of fact is presented as to this defendant, which precludes granting summary judgment as against him. Titone, J. P., Suozzi, Gulotta and Martuscello, JJ., concur.